STATE OF DELAWARE v. WILLIAM J. WARWICK.

(*July* 27, 1954.)

TERRY, J., sitting.

*Edmund N. Carpenter, II*, Deputy Attorney-General, for the State.

*James R. Morford* (of Morford, Bennethum and Marvel), *Harold N. Green* and *Samuel Handloff* for the Defendant.

Superior Court for New Castle County, Indictments Nos. 91, 92, 93 and 94, January Term, 1954.

TERRY, J.:

The Grand Jury of New Castle County during the January Term of the Superior Court, 1954, found and returned four criminal indictments against William J. Warwick.

The indictments in pertinent part are as follows:

(1) No. 91, January Term, 1954: Embezzlement or conversion by bailee in violation of Title 11, Section 636, of the *Delaware Code of* 1953. The alleged particulars are that Warwick on the 6th day of April, 1953, in New Castle County, being bailee of

a check to the value of $39.25, embezzled (fraudulently converted) the same to his own use.

(2) No. 92, January Term, 1954: Embezzlement or conversion by bailee in violation of Title 11, Section 636 of the *Delaware Code of* 1953. The particulars alleged are that Warwick on the 14th day of August, 1953, in New Castle County, being bailee of a check to the value of $80.00, embezzled (fraudulently converted) the same to his own use.

(3) No. 93, January Term, 1954: First Count: Embezzlement or conversion by bailee in violation of Title 11, Section 635, of the *Delaware Code of* 1953. The particulars alleged are that Warwick on the 27th day of July, 1953, in New Castle County, being bailee of a check payable to William J. Warwick, Prothonotary, New Castle County, to the total value of $1002.46, the property of New Castle County, State of Delaware, embezzled (fraudulently converted) the same to his own use.

Second Count: Embezzlement or conversion by a clerk to a body corporate in violation of Title 11, Section 638 of the *Delaware Code of* 1953. The alleged particulars are that Warwick on the 27th day of July, 1953, in New Castle County, being bailee of a check payable to William J. Warwick, Prothonotary of New Castle County, to the total value of $1002.46, the property of New Castle County, State of Delaware, embezzled (fradulently converted) the same to his own use.

(4) No. 94, January Term, 1954: Embezzlement or conversion by bailee in violation of Title 11, Section 636 of the *Delaware Code of* 1953. The particulars alleged are that Warwick on the 12th day of June, 1953, in New Castle County, being bailee of a check to the value of $50.00, embezzled (fraudulently converted) the same to his own use.

Upon the defendant's motion the State filed a further bill of particulars in relation to Indictments Nos. 91, 92, the first count of 93, and 94. The particulars recite "the name of the entity for whom the defendant was, on the dates charged in the

indictments, a 'bailee' of the checks therein mentioned, is New Castle County."

Likewise, the State filed a further bill of particulars in relation to the second count of Indictment No. 93. The particulars recite:

(1) "The name and corporate entity of the 'body corporate' of which the defendant was a 'clerk' as charged in this count of the indictment, is New Castle County."

(2) "Defendant's status as 'clerk' is further defined as Prothonotary of the Superior Court of New Castle County, as described in Article 4, Section 26 of the *Constitution of the State of Delaware.*"

(3) "The name of the entity for whom the defendant was, on the date charged in the indictment, a 'bailee' of the check therein mentioned, is New Castle County."

The pertinent constitutional provision, statutes and Rule of the Superior Court are as follows: *Delaware Code of* 1953—

Title 11: "§ 635. Embezzlement or conversion by bailee of property valued at $100 or more

"Whoever, being a bailee of money or other property which may be the subject of larceny, to the value of $100 or more, embezzles or fraudulently converts the same to his own use, shall be fined in such amount or imprisoned for such term, or both, as the court, in its discretion, may determine."

Title 11: "§ 636. Embezzlement or conversion by bailee of property valued at less than $100 * * *

"(a) Whoever, being a bailee of money or other property which may be the subject of larceny, to the value of less than $100, embezzles or fraudulently converts the same to his own use, shall be fined not more than $100 or imprisoned not more than one year, or both."

Title 11: "§ 638. Embezzlement by cashier, servant or clerk; allegation of indictment; proof

"(a) Whoever, being a cashier, servant, or clerk to any person or body corporate, or employed for the purpose, or in the capacity of a cashier, servant, agent or clerk, by any person or body corporate, embezzles, fraudulently abstracts or misapplies any money, goods, bill, note, bond, check, evidence of debt, or other valuable security or effects, which, or any part whereof, shall be delivered to, or received, or taken into possession by him, or to which he has access for, or in the name, or on account of his master or employer, although such money, goods, bill, note, bond, check, evidence of debt, or other valuable security or effects was not received into the possession of such master or employer, otherwise than by actual possession of his cashier, servant, agent, clerk or other person so employed, is guilty of a felony, and shall be whipped with not more than 20 lashes and imprisoned not more than 10 years."

Art. 1, § 7, of The Constitution of The State of Delaware, *Del. C. Ann.*

"Section 7. In all criminal prosecutions, the accused hath a right to be heard by himself and his counsel, to be plainly and fully informed of the nature and cause of the accusation against him, * * *."

Rule 7(c) of the Criminal Rules of The Superior Court, *Del. C. Ann.*

"(c) Nature and Contents. The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. It shall be signed by the Attorney General. It need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement. Allegations made in one count may be incorporated by reference in another count. It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that he committed it by one

or more specified means. The indictment or information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice."

The defendant has moved for a dismissal of each of the indictments. My consideration of the defendant's motions will be directed to Indictment No. 93, for in this indictment will be found the substantive questions raised under the defendant's motions to dismiss.

The defendant's motion to dismiss count 2 will be considered first.

The first paragraph under count 2 charges the defendant with having committed a felony. The second paragraph recites the felony to be embezzlement or conversion by a clerk to a body corporate in violation of Title 11, Section 638 of the *Delaware Code of* 1953. The third paragraph particularizes the alleged felony of embezzlement or conversion by a clerk to a body corporate as indicated in Paragraphs 1 and 2 as follows:

"William J. Warwick on the 27th day of July, 1953 in New Castle County, being bailee of a check payable to William J. Warwick, Proy., New Castle County, to the total value of $1200.46 the property of New Castle County, State of Delaware, embezzled (fraudulently converted) the same to his own use."

This count must be considered in the light of the admissions by the State as contained in its further bill of particulars; that is, (1) "the name of the corporate entity of the body corporate of which the defendant was a clerk as charged is New Castle County"; (2) "Defendant's status as a clerk is further defined as Prothonotary of the Superior Court of New Castle County as described in Article 4, Section 26 of the Constitution of this State."

The reasons assigned by the defendant for the dismissal of this count are as follows:

(1) That New Castle County is not a body corporate.

(2) The defendant as duly elected Prothonotary is not a clerk to New Castle County.

(3) That the count considered as a whole violated Rule 7 (c) of the Rules of Criminal Procedure of this Court and Article 1, Section 7 of the Constitution of this State.

(4) That the count charges embezzlement and conversion in the disjunctive.

(5) That if the count be construed as alleged, embezzlement by bailee, it fails to state the official and customary citation of the statute applicable to that crime in accordance with the provisions of Rule 7(c) of this Court.

(6) That if the count be construed as charged, embezzlement by bailee under Title 11, *Delaware Code*, Section 635, it cannot be sustained because (a) it does not disclose the legal relationship of bailor and bailee as between New Castle County and the defendant, and (b), New Castle County is not in law the bailor of a check payable to William J. Warwick, Prothonotary of New Castle County.

A study of various types of government employed by other States discloses diversified systems in relation to the administrative powers and functions therein. Uniformity exists throughout in relation to a division of geographical areas of the States into subdivisions designated as counties, parishes, etc., and it may be said that in each subdivision there is created either by constitutional or statutory authority an agency by which government is to be effected for the inhabitants therein. It is the powers, and the functions conferred upon these subdivisions and the administrative agencies therein that provides the difference in the various systems employed. These systems in the main fall primarily into one of two categories, that is corporate or non-

corporate organizations. For instance, under the Constitution of the State of Michigan 1908, Article 8, Sections 1, 7, it is provided that each organized County shall be a body corporate with such powers and immunities as shall be established by law, and that a Board of Supervisors, consisting of one from each organized township, shall be established in each county, with such powers as shall be prescribed by law.

By statute 1 *Comp. Laws of Mich.* 1929, Section 1101, Stat. Ann. Sec. 5.283, it is provided:

"Each organized county shall be a body politic and corporate, for the following purposes, that is to say: To sue and be sued; to purchase and hold real and personal estate for the use of the county; to borrow money for the purpose of erecting and repairing county buildings, and for the building of bridges; to make all necessary contracts, and to do all other necessary acts in relation to the property and concerns of the county."

Our system of county government is in sharp contrast to that of Michigan and represents the second or other category as indicated above. Under our constitutional and statutory provisions counties, while containing defined territorial areas, are in legal significance nothing more than political subdivisions of our State. They are not designated under the law as bodies corporate and do not possess the essentials thereof.

It may be said that the legislature has given to New Castle County and to the Levy Court, the administrative body for county affairs, certain restricted powers and duties, and by reason thereof has made New Castle County and the Levy Court of New Castle County legal entities, but only insofar as the limited authority exists under each particular statute. See Counties and County Officers, Title 9 of the *Delaware Code,* 1953.

New Castle County is not a body corporate as intended under the provisions of Sec. 638 of the code aforesaid. The defendant's motion to dismiss Count 2 of Indictment 93 must be granted.

Now in respect to the remaining indictments, reference must be made to the additional particulars in respect thereto as filed by the State. That is, "the name of the entity for whom the defendant was, on the dates charged in the indictments, a bailee of the checks therein mentioned, is New Castle County."

The State takes the position in respect to these indictments that New Castle County possesses corporate organization to the extent that it is a legal entity for the purposes herein, and by reason thereof, can be and is, a bailor of the checks indicated in the respective indictments.

Regardless of the validity or non-validity of other asserted defects appearing in the indictments as asserted by the defendant, it is conceded by the State that the indictments cannot be sustained if New Castle County is not, and cannot be, a bailor of the checks as alleged therein.

■ A bailment may be defined, "as a delivery of personalty for some particular purpose, or on mere deposit, upon a contract, express or implied, that after the purpose has been fulfilled it shall be re-delivered to the person who delivered it, or otherwise dealt with according to his directions, or kept until he reclaims it, as the case may be." 8 *C. J. S.*, Bailments, §1, p. 222.

■ As previously indicated under my consideration of Count 2 in Indictment 93, the legislature by reason of enacting certain statutes, has made the County a legal entity, but in each event has restricted its powers and authority within the express limitations, as found in each statute, and nowhere do I find, nor has there been cited on brief, a statute authorizing the County in terms, to enter into an express contract of bailment as alleged, nor should it be said that the statutes conferring certain powers and authority upon the County when considered collectively, are of sufficient import to establish in the County corporate existence or a legal entity sufficient for the purposes herein sought.

The State contends, however, that the checks in the various indictments were delivered by the Sheriff and the Register of Wills, respectively, of New Castle County, to the defendant as Prothonotary in accordance with the returns on certain writs previously issued by the Superior Court and directed to the county officers for execution purposes, and further that a portion of the monies represented costs and fees due New Castle County, which under the provisions of certain statutes, the defendant, as Prothonotary, was duty-bound to pay over to the County Treasurer for county purposes.

While the foregoing facts do not appear in the indictments or in the further Bill of Particulars as filed, nevertheless it will be assumed *arguendo* that the facts, as indicated, represent the State's case under each indictment.

Predicated upon the foregoing circumstances, the Attorney General argues in substance, that whenever a County Officer in making a return under the mandate of a writ previously issued out of the Superior Court pays or delivers to the Prothonotary, under his return of said writ, certain funds which are later to be paid or delivered by the Prothonotary to the County Treasurer for county purposes, that an implied bailment is created between the County and the Prothonotary in respect to such funds.

Such a transaction, in my opinion, does not create by implication of law between the county and the Prothonotary, the relationship of bailor and bailee. Thus, the County is not, and cannot be, the bailor of the checks as alleged.

In passing, it should be pointed out that it is the duty of the Prothonotary to collect all fees, costs, and allowances by law taxable or payable to him for county purposes, and on or before the 15th day in each month, to file an account covering such fees, costs, and allowances so collected by him during the preceding month. Sec. 9109, Title 9, *Code of* 1953. Further, the Prothonotary is duty-bound to pay over to the County Treasurer within 10 days from the filing of his account as aforesaid,

all fees, costs, and allowances received and collected by him for county purposes. His default in this respect subjects him (1) to a fine of not more than $1,000 or imprisonment for a term not more than 1 year, or both; (2) he is liable in a civil action for the amount of such fees, costs, and allowances so collected that he illegally withholds; (3) his conviction under such circumstances shall operate as a forfeiture of his office, and he shall be removed from office by the governor within 10 days from the date of such conviction. Sec. 9113, Title 9, *Code of* 1953. He likewise is liable upon his official bond. Sec. 9112, Title 9, *Code of* 1953.

By reason of the foregoing enactments a debtor-creditor relationship between the Prothonotary and the County springs into being upon the collection of any fees, costs, or allowances by the Prothonotary for county purposes, or at most, the Prothonotary holds any funds so collected in trust to be paid to the County Treasurer for county purposes. In addition, he may be prosecuted criminally for the illegal withholding of any county funds beyond the due date as indicated in the foregoing enactments, and his conviction in this respect operates as a forfeiture of his office, together with his subsequent removal therefrom.

The foregoing indictments cannot be sustained. The defendant's motion to dismiss Indictments Nos. 91, 92, 94, and the first Count of Indictment 93 must be granted.

An order will be entered accordingly.